FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

00 FEB -7 PM 3: 39

U.S. DISTRICT COURT
N.D. OF ALABAMA

CARMEN REOGAS and WANDA GIBSON,

    Plaintiffs,

v.

JIMMY GRAY and MONARCH TILE, INC.,

    Defendants.

}
}
}
}
}
}
}
}
}
}
}
}
}

CASE NO. CV 94-B-2216-NW

ENTERED

FEB -7 2000

## MEMORANDUM OPINION

On August 26, 1999, the Eleventh Circuit Court of Appeals on Remand from the Supreme Court of the United States entered an Order vacating this court's Judgment in favor of the defendants. The case was remanded for the district court to reconsider the case in light of *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and 11 U.S.C. § 362.

On February 1, 2000, a Notice of Bankruptcy and Suggestion of Bankruptcy was filed in this court by defendant Monarch Tile, Inc. The court has been advised that a Petition for Relief Under Chapter 11 was filed in the United States Bankruptcy Court, Case Number 97-84828-JAC-11. The bankruptcy case has not be closed or dismissed and no discharge has been granted. This petition operates as a stay of these proceedings pursuant to 11 U.S.C. § 362(c) of the Bankruptcy Code.

Pursuant to the directions of the Eleventh Circuit's Order remanding this case, the court has reconsidered its Memorandum Opinion and Order entered March 21, 1996, reviewed all claims asserted by the plaintiffs, and has concluded that the law discussed in *Faragher* only applies to plaintiffs' claims of sexual harassment under Title VII against defendant Monarch Tile,

60

Inc.

The *Faragher* decision has no application to plaintiffs Reogas and Gibson's state law claims of assault and battery and invasion of privacy against defendant Jimmy Gray and the corporate defendant, Monarch Tile, Inc. *Faragher* also has no application to plaintiffs' state law claims against defendant Monarch Tile, Inc. for negligent supervision or failure to terminate defendant Gray. Finally, *Faragher* has no application to plaintiffs' claims against defendant Monarch Tile, Inc. for retaliation under Title VII.

The court carefully considered all arguments raised by the parties when it initially granted summary judgment in favor of the defendants on these claims. As noted, *Faragher* has no application to the above-referenced claims. Therefore, having reconsidered the case in light of the Supreme Court's decision in *Faragher*, the court is of the opinion that for the reasons stated in the court's Memorandum Opinion entered March 21, 1996, defendants are entitled to judgment as a matter of law on the following claims:

1.   All claims against defendant Monarch Tile, Inc. for retaliation under Title VII.

2.   All state law claims against defendant Jimmy Gray and defendant Monarch Tile, Inc.

The court incorporates by reference herein as the rationale for the court's decision, the portions of its Memorandum Opinion entered March 21, 1996, which address the above-referenced claims.

The case was also remanded to this court to reconsider its decision in light of 11 U.S.C. § 362. As noted above, 11 U.S.C. § 362(c) operates as a stay of these proceedings against defendant Monarch Tile, Inc. Thus, at this time, the court may not reconsider plaintiffs' Title VII

2

claims of sexual harassment against Monarch Tile, Inc.  In lieu of staying this case, the court has decided to dismiss the remaining sexual harassment claim against defendant Monarch Tile, Inc. without prejudice.

An Order in accordance with this Opinion will be entered contemporaneously herewith.

**DONE** this ___7th___ day of February, 2000.

**SHARON LOVELACE BLACKBURN**
United States District Judge

3